**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joy M. Chandler CARPENTER,**
**Defendant-Appellant.**

**No. 29927**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1971.

Rehearing Denied March 10, 1971.

Hart Johnson, Fort Stockton, Tex., C. Anthony Friloux, Jr., Houston, Tex., for appellant.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc.* v. *Citizens Casualty Company of New*

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Joseph M. Howard, Richard B. Buhrman, Willard C. McBride, Attys., Department of Justice, Tax Division, Washington, D. C., Seagel V. Wheatley, U. S. Atty., of counsel, for appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Appellant was indicted on August 18, 1969, for knowingly filing a false income tax return and for wilfully attempting to evade payment of taxes in violation of 26 U.S.C.A. §§ 7201, 7206(1). On October 6, 1969, appellant was additionally indicted for committing perjury before a federal grand jury in violation of 18 U.S.C. A. § 1621. The indictments were subsequently consolidated, and appellant was tried before a jury. Upon a verdict of guilty on all charges, appellant was sentenced to a total term of ten years, from which conviction she now appeals.

Appellant lodges a broadside attack against the fairness of her trial. Specifically, appellant argues that there was error in (1) the admission of certain hearsay statements by Government witnesses, (2) the admission of the details of a perjury indictment pending against one of appellant's witnesses, (3) the admission of a summary of evidence by the Government's expert accounting witness, (4) the statements of the prosecutor in his summation to the jury, and (5) the admission of the testimony of the Government's handwriting expert, whose opinion, appellant alleges, was based on "known handwriting exemplars" for which a proper qualifying predicate had not been established.

We have carefully examined each of appellant's allegations of error and find them all without merit. The judgment of conviction is therefore

Affirmed.

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.