438 F.2d 526
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joy M. Chandler CARPENTER, Defendant-Appellant.
No. 29927 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inv.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part.I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 8, 1971, Rehearing Denined March 10, 1971.
 
 Hart Johnson, Fort Stockton, Tex., C. Anthony Friloux, Jr., Houston, Tex., for appellant.
 Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Joseph M. Howard, Richard B. Buhrman, Willard C. McBride, Attys., Department of Justice, Tax Division, Washington, D.C., Seagel V. Wheatley, U.S. Atty., of counsel, for appellee.
 Appeal from the United States District Court for the Western District of Texas; Ernest Guinn, Judge.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant was indicted on August 18, 1969, for knowingly filing a false income tax return and for wilfully attempting to evade payment of taxes in violation of 26 U.S.C.A. 7201, 7206(1). On October 6, 1969, appellant was additionally indicted for committing perjury before a federal grand jury in violation of 18 U.S.C.A. 1621. The indictments were subsequently consolidated, and appellant was tried before a jury. Upon a verdict of guilty on all charges, appellant was sentenced to a total term on ten years, from which conviction she now appeals.
 
 
 2
 Appellant lodges a broadside attack against the fairness of her trial. Specifically, appellant argues that there was error in (1) the admission of certain hearsay statements by Government witnesses, (2) the admission of the details of a perjury indictment pending against one of appellant's witnesses, (3) the admission of a summary of evidence by the Government's expert accounting witness, (4) the statements of the prosecutor in his summation to the jury, and (5) the admission of the testimony of the Government's handwriting expert, whose opinion, appellant alleges, was based on 'known handwriting exemplars' for which a proper qualifying predicate had not been established.
 
 
 3
 We have carefully examined each of appellant's allegations of error and find them all without merit. The judgment of conviction is therefore.
 
 
 4
 Affirmed.